UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
CIVIL ACTION NO. _____

| | | |
|---|---|---|
| Casey Wasserman Living Trust Under | ) | **ELECTRONICALLY FILED** |
| Declaration of Trust Dated June 29, 1999 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Wasserman Media Group LLC | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| Tim Bowers | ) | |
| **Serve**: | ) | |
| Tim Bowers | ) | |
| 105 Berwick Drive | ) | |
| Danville, KY  40422 | ) | |
| and | ) | |
| | ) | |
| Tyler Bowers | ) | |
| **Serve**: | ) | |
| Tyler Bowers | ) | |
| 105 Berwick Drive | ) | |
| Danville, KY  40422 | ) | |
| | ) | |
| Defendants | ) | |

\* \* \* \* \*

Plaintiffs, Casey Wasserman Living trust under Declaration of Trust dated June 29, 1999, by its Trustee, Casey Wasserman ("Wasserman") and Wasserman Media Group LLC ("WMG"), state as follows for their Complaint against defendants, Tim Bowers and Tyler Bowers:

**NATURE OF ACTION**

1.      This action arises out of defendants' default and failure to repay Wasserman for loan payments advanced to City National Bank, which defendants used to purchase a 2005 Showhauler Motor Coach (the "Motor Coach").  Wasserman guaranteed the $193,980.00 loan

and advanced all payments on defendants' behalf. When defendants failed to repay Wasserman, Wasserman was forced to repossess the Motor Coach and sell it to reduce the debt owed by defendants to Wasserman.

2. This action also arises out of defendants' failure to pay Wasserman for insurance premiums advanced by Wasserman for the Motor Coach and failure to pay WMG for its representation of Tyler Bowers.

## THE PARTIES AND JURISDICTION

3. Wasserman is a Living Trust established on June 29, 1999, which is a resident of Los Angeles, California for purposes of diversity jurisdiction.

4. WMG is a Delaware limited liability company doing business in Los Angeles, California. WMG is not a resident of Kentucky for purposes of diversity jurisdiction.

5. Tim Bowers is a resident of Boyle County, Kentucky. Service may be made upon him at the address identified in the caption of this Complaint.

6. Tyler Bowers is a resident of Boyle County, Kentucky. Service may be made upon him at the address identified in the caption of this Complaint.

7. Plaintiffs and defendants are citizens of different states and the amount in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs, and as a result, original jurisdiction exists in this Court pursuant to 28 U.S.C. § 1332.

8. This Court has subject matter jurisdiction over this action and personal jurisdiction over the defendants, and venue is proper in this Court.

## BACKGROUND FACTS

9. Defendant Tim Bowers is the father of defendant Tyler Bowers, and while Tyler Bowers was a minor, Tim Bowers acted on his son's behalf and represented his son's interests.

10. Tyler Bowers was, at all times relevant to this Complaint, a Motorcross racer. Defendants engaged WMG to represent Tyler Bowers.

11. In exchange for the representation of Tyler Bowers, defendants agreed to pay WMG.

12. Effective June 16, 2005 defendant Tim Bowers entered into a loan agreement and promissory note with City National Bank, for the principal amount of $193,980.00, payable upon the terms set forth in the loan documents, to finance his purchase of the Motor Coach for use by defendants.

13. As a condition of making this loan, City National Bank required Wasserman to guarantee the full principal amount of the loan, $193,980.00, plus all interest, collection costs, attorneys' fees and other legal expenses.

14. Accordingly, in order to obtain the loan, defendants induced Wasserman to guarantee the loan and to execute a Consumer Guaranty Agreement (the "Guaranty").

15. Defendants agreed to repay Wasserman and WMG for any and all amounts that Wasserman or WMG paid to City National Bank and all amounts advanced for insurance and other expenses related to the Motor Coach.

16. In order to protect Wasserman's interests, Wasserman was granted a security interest in the Motor Coach.

17. Between June 2005 and May 2008, on defendants' behalf and pursuant to and in reliance upon its agreement with defendants, Wasserman advanced all payments that were due and payable to City National Bank.

18. On or about June 17, 2008, on defendants' behalf and pursuant to and in reliance upon its agreement with defendants, Wasserman advanced the balloon payment that was due and payable to City National Bank upon maturation of the loan.

19. Also between June 2005 and May 2008, on defendants' behalf and pursuant to and in reliance upon its agreement with defendants, WMG advanced significant sums of money to maintain insurance on the Motor Coach.

20. Despite their agreements and obligations, defendants have refused and failed to repay Wasserman and WMG for the funds that Wasserman and WMG advanced on defendants' behalf and for defendants' benefit. Defendants have also defaulted on their other payment obligations to Wasserman and WMG.

21. After the maturation of the loan, and after paying City National Bank in full, and with full legal and equitable right, Wasserman took possession of the Motor Coach and sold it in a commercially reasonable manner to offset defendants' debt and to mitigate Wasserman's damages.

22. During the time that defendants had possession of the Motor Coach, defendants caused, or allowed to be caused, substantial damage and extraordinary wear and tear to the vehicle. These actions and inactions significantly diminished the value of the Motor Coach and lowered its resale value.

23. The sale of the Motor Coach did not result in sufficient funds to pay the debts owed by defendants to Wasserman and WMG, and a deficiency balance remains due and payable

4

in the amount of $174,040.81, plus interest, costs, expenses and attorney fees. Wasserman and WMG are likely to incur substantial additional attorney fees as this case is litigated and prepared for trial, which also shall be the responsibility of defendants.

24. Wasserman and WMG have performed all obligations required of them under all agreements with defendants.

25. Wasserman and WMG have made a demand upon defendants to pay all amounts owed to Wasserman and WMG, but defendants have failed and refused to pay Wasserman and WMG.

## COUNT I: Breach of Contract – Motor Coach

26. Wasserman and WMG incorporate by reference the allegations previously set forth in this Complaint.

27. Without legal justification or excuse, defendants materially breached their agreements to repay Wasserman all amounts that Wasserman advanced to City National Bank and all amounts advanced for insurance and other expenses related to the Motor Coach.

28. In addition to the express terms of their agreements, defendants are obligated by law to perform the terms and conditions of the agreements in good faith and by fair dealing.

29. Defendants have failed and refused to act in good faith and by fair dealing, have breached the agreements with Wasserman, and have failed and refused to repay Wasserman the amounts that Wasserman advanced to City National Bank and all amounts advanced for insurance and other expenses related to the Motor Coach.

30. As a direct and proximate result of defendants' breach, Wasserman has suffered damages in an amount to be proven at trial.

## COUNT II: Breach of Contract – Representation of Tyler Bowers

31. Wasserman and WMG incorporate by reference the allegations previously set forth in this Complaint.

32. Without legal justification or excuse, defendants materially breached their agreement to pay WMG for the representation of Tyler Bowers.

33. In addition to the express terms of their agreements, defendants are obligated by law to perform the terms and conditions of the agreements in good faith and by fair dealing.

34. Defendants have failed and refused to act in good faith and by fair dealing, have breached their agreements with WMG, and have failed and refused to pay WMG.

35. As a direct and proximate result of defendants' breach, WMG has suffered damages in an amount to be proven at trial.

## COUNT III: Indemnity

36. Wasserman and WMG incorporate by reference the allegations previously set forth in this Complaint.

37. Wasserman's advancement of all of defendants' payments for the Motor Coach was based upon Wasserman's Guaranty of the loan and upon defendants' agreement and promise to repay Wasserman. Wasserman's loss is a direct and proximate result of defendants' actions, inaction, breach of contract and failure to pay.

38. Defendants' actions, inaction, breach of contract and failure to pay have caused substantial damages to Wasserman, which had no primary obligation to pay City National Bank.

39. Accordingly, Wasserman is entitled to full and complete indemnification for all payments made by Wasserman to City National Bank, and all attorney fees, expenses and costs of collection in this matter.

### COUNT IV: Promissory Estoppel

40.     Wasserman and WMG incorporate by reference the allegations previously set forth in this Complaint.

41.     Defendants made promises to Wasserman and WMG for the purpose of inducing WMG to represent Tyler Bowers and inducing Wasserman to guarantee the loan with City National Bank, to advance all payments for the Motor Coach and to advance payments for insurance on the Motor Coach.  Defendants' promises included a promise to repay the loan, to repay all advancements, to indemnify Wasserman and to pay WMG for its representation of Tyler Bowers.

42.     Wasserman and WMG reasonably relied upon such promises made by defendants.

43.     Defendants' promises and Wasserman and WMG's detrimental reliance thereon resulted in damages to Wasserman and WMG, and they are entitled to recover damages in an amount to be proven at trial.

### COUNT V: Unjust Enrichment and Quantum Meruit

44.     Wasserman and WMG incorporate by reference the allegations previously set forth in this Complaint.

45.     Wasserman and WMG provided substantial and valuable services to defendants including the representation of Tyler Bowers, the Guaranty for the loan with City National Bank, the advancement of all payments for the Motor Coach and the advancement of payments for insurance on the Motor Coach, for which Wasserman and WMG have suffered a tremendous loss, and for which they have not been paid by defendants.

46.     The parties' agreements and the acts of WMG and Wasserman were made under circumstances pursuant to which defendants knew or reasonably should have known that

Wasserman and WMG would expect to be reimbursed for their services and loss and otherwise compensated.

47. Defendants have knowingly and willingly received substantial benefits from WMG and Wasserman's agreements, acts and services.

48. Consequently, defendants have been unjustly enriched through the receipt of such benefits at the expense of Wasserman and WMG.

## DEMAND FOR RELIEF

Accordingly, plaintiffs Wasserman and WMG request the following:

1. That a Judgment for Wasserman and WMG be entered on all claims in this Complaint;

2. That Wasserman and WMG be awarded all of their actual, consequential and compensatory damages in an amount to be proven at trial;

3. That the Court award Wasserman and WMG all of their attorney fees, costs and expenses incurred in this litigation;

4. For an award of pre-judgment and post-judgment interest at the maximum rate allowed by law;

5. For a trial by jury on all triable issues; and

6. All other relief to which Wasserman and WMG may be entitled by law and equity.

        Respectfully submitted,

        TACHAU MEEK PLC
        David Tachau
        Brian F. Haara

        s/Brian F. Haara
        2400 National City Tower
        101 South Fifth Street
        Louisville, KY 40202-3115
        (502) 238-9900
        (502) 238-9910 (telecopy)
        dtachau@tachaulaw.com
        bhaara@tachaulaw.com