```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                              LEXINGTON
```

CASEY WASSERMAN LIVING            )
TRUST UNDER DECLARATION OF        )
TRUST DATED JUNE 29, 1999         ) Civil Action No. 5:09-CV-180-JMH
                                  )
and                               )
                                  )
WASSERMAN MEDIA GROUP LLC,        )
                                  )  **MEMORANDUM OPINION AND ORDER**
     Plaintiffs,                  )
                                  )
                                  )
v.                                )
                                  )
                                  )
TIM BOWERS and TYLER BOWERS,      )
                                  )
     Defendants.                  )
                                  )
                                  )

                    **      **      **      **      **

Pursuant to this Court's Memorandum Opinion and Order of September 30, 2010 [Record No. 38], Plaintiffs have responded to a Show Cause Order as to why their claims should not be dismissed against Defendant Tyler Bowers [Record No. 43]. Defendant Tyler Bowers has filed a response [Record No. 47] and Plaintiffs have filed a reply [Record No. 49]. Defendant Tim Bowers has also filed a Motion to Reconsider [Record No. 42] and Plaintiffs have filed a response [Record No. 48]. The time for Tim Bowers to reply having expired, both motions are ripe for decision.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed a Motion for Summary Judgment, which this Court granted, in part, regarding Defendant Tim Bowers and Tyler

Bowers' breach of a management agreement and oral agreement to repay expenses related to a motor coach. [Record No. 38]. At that time, the Court, upon its own motion, ordered Plaintiffs to show cause as to why their claims against Tyler Bowers should not be dismissed with prejudice as Plaintiffs had shown, at best, the existence of voidable contracts between Plaintiffs and Tyler Bowers, a minor at the time Plaintiffs aver he entered into the contracts. *Id.* At issue, as explained in this Court's Memorandum Opinion and Order of September 30, 2010, is whether Plaintiffs can prove that a valid contract, that was never disaffirmed by Tyler Bowers due to his status as a contracting minor, existed between Plaintiffs and Tyler Bowers as to the management agreement or the oral agreement to repay expenses on the motor coach, already established between Plaintiffs and Tim Bowers. *Id.*

Plaintiffs have attached, in response to the Show Cause Order and Tyler Bowers' subsequent response, an e-mail that gave them notice of the termination of the management agreement [Record No. 43-1], and Tyler Bowers' deposition testimony [Record No. 49-1] that Plaintiffs argue shows Tyler had knowledge of the oral agreement to repay from the point he started using the motor coach. Tyler Bowers has filed in response, a signed affidavit that establishes his date of birth, reasserts his ignorance as to the oral agreement to repay expenses on the motor coach, and attempts to give notice of his disaffirmance to both the management

2

agreement and the oral agreement to repay while not acknowledging the existence of either of the contract. [Record No. 47-1](e.g., "To the extent that I may not have done so because I was not informed of these things until September 6, 2009 I now hereby disaffirm any and all contract dealings entered into between Tim Bowers and the Wasserman's regarding the motor coach, allegedly made on my behalf while I was a minor.").

Tim Bowers has also filed a Motion to Reconsider this Court's order granting, in part, summary judgment in favor of Plaintiffs as to their breach of contract claims regarding the management agreement and the oral agreement to repay. Pro se Defendant Tim Bowers argues his ignorance regarding the procedures surrounding summary judgment should give him a reprieve from this Court's order as "actual justice should not be undermined by a blind and uncaring adherence to a procedural rule, and that Plaintiff should not be permitted to take advantage of a person who cannot afford a lawyer to gain additional money to which it is not fairly entitled." [Record No. 42, p. 5]. Tim Bowers has attached an affidavit claiming that Plaintiffs, upon taking possession of the motor coach, failed to maintain it through what he says was a particularly harsh winter. As a result, Tim Bowers argues this Court should reconsider its previous order granting Plaintiffs' Motion for Summary Judgment and damages owed by Tim Bowers should be reduced due to Plaintiffs' failure to mitigate those damages.

**II. DEFENDANT TIM BOWERS' MOTION TO RECONSIDER SHALL BE DENIED.**

This Court will not reconsider its grant of summary judgment to Plaintiffs as to Tim Bowers. A motion to alter or amend a judgment under Federal Rule of Civil Procedure Rule 59(e) should be granted only where "there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). The motion does not serve as "an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Accordingly, a party should not use this motion "to raise arguments which could, and should, have been made before judgment issued." *Id.* (quoting *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). Rearguing the case, however, is exactly what Tim Bowers attempts to do in his motion.

Tim Bowers' argues that his less than adequate Response to Plaintiff's Motion for Summary Judgment resulted from his own ignorance regarding the law of summary judgment and various procedural issues. As argued by Plaintiffs, however, these pro se defendants are not the typical pro se defendants that have little knowledge of the rules and the law. In fact, Tim and Tyler Bowers filings throughout this litigation have shown a good command of the principle of stare decisis and its application in legal argument, citation to case law and the Federal Rules and how to practice a

4

case generally. [Record No. 48, p. 8-11]; [Record No. 49, p. 9-10](arguing potential "ghostwriting" by a professional on behalf of Defendants based on Defendants ability to properly cite to cases and rules as well as citations to a case typically found only in an electronic database). Regardless of whether Defendants received substantial assistance from an outside source, however, all parties to a civil action, regardless of their pro se status, are compelled to follow the same rules set forth in the Federal Rules of Civil Procedure. *See Looper v. Educ. Credit Mgmt. Corp.*, No.: 3:07-cv-306, 2008 U.S. Dist. LEXIS 64926, at *8 (E.D. Tenn. July 30, 2008)("[Litigant's] pro se status does not exempt him from complying with the rules of procedure."). In particular, Rule 56 clearly stated, at the time Defendants filed their response to Plaintiffs' summary judgment motion, that a response to a motion for summary judgment "must – by **affidavits or as otherwise** provided in this rule – set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2)(emphasis added)(as stated prior to the December 1, 2010 amendments).[1] Furthermore, Tim Bowers had notice of the specific rule used by Plaintiffs for their Motion for Summary Judgment as Plaintiffs stated it in the first sentence of

---

[1] This Court recognizes that Rule 56 has changed, effective December 1, 2010. While "[g]enerally a new procedural rule applies to uncompleted portions of suits pending when the rule [becomes] effective," these motions, replies and responses took place well before the changes became effective. *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 344 n.2 (6th Cir. 2002)(citation omitted). As a result, the amendments to Rule 56 will not apply to this matter. *Id.*

their motion. [Record No. 34, p. 1]("Plaintiffs . . . submit this Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 on all claims against defendants Tim Bowers and Tyler Bowers . . . ."). As a result, Tim Bowers had notice of the rule which clearly stated the requirements necessary for his case to survive Plaintiffs Motion for Summary Judgment and failed to follow this rule. Furthermore, a nonprisoner pro se litigant receives no special treatment as "parties choosing to have counsel 'must bear the risk of their attorney's mistakes' and thus, 'a litigant who chooses *himself* as a legal representative should be treated no differently.'" *United States v. Ninety-Three Firearms*, 330 F.3d 414, 427-28 (6th Cir. 2003)(emphasis in original)(quoting *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988)).

In addition, to prove that a manifest injustice will occur without reconsideration, a plaintiff must show "that there exist[s] a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with the applicable policy." *Int'l Union United v. Bunting Bearings Corp. (In re Bunting Bearings Corp.)*, 321 B.R. 420, 423 (Bankr. N.D. Ohio 2004). While Tim Bowers argues that courts in the Eastern District of Kentucky have allowed supplemental affidavits in the past in motions to reconsider, the court in the case cited by Tim Bowers only did so after the opponent chose not to contest the supplemental affidavit. *See Byrne v. Wood, Herron*

*& Evans, LLP*, No. 2:08-102-DCR, 2009 U.S. Dist. LEXIS 117245, at *2-3 (E.D. Ky. Dec. 16, 2009). Regardless, even if this Court were to consider the affidavit, Tim Bowers has not shown this Court made a fundamental flaw in granting Defendants' motion or that an inequity would occur as a result of any flaw. Plaintiffs properly supported their Motion for Summary Judgment which went largely unopposed. This Court, therefore, shall deny Defendant's Motion for Reconsideration.

**III. DEFENDANT TYLER BOWERS DID NOT DISAFFIRM THE MANAGEMENT AGREEMENT BUT A GENUINE ISSUE OF MATERIAL FACT EXISTS AS TO TYLER BOWERS STATUS AS A PARTY TO THE ORAL REPAYMENT AGREEMENT.**

 **A. The Court may enter summary judgment against Plaintiffs sua sponte and dismiss Plaintiffs' claims with prejudice.**

This Court has given notice to Plaintiffs and may grant, sua sponte, summary judgment in favor of Tyler Bowers and dismiss with prejudice appropriate claims against Tyler Bowers. A district court may enter summary judgment, sua sponte, "so long as the losing party was on notice that [it] had to come forward with all of [its] evidence." *Shelby Cnty. Health Care Corp. v. S. Counsel of Indus. Workers Health & Welfare Trust Fund*, 203 F.3d 926, 931 (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 203 (6th Cir. 1998))(interpreting Federal Rules of Civil Procedure Rule 56 prior to the 2010 amendments). This requires that the losing party "be afforded notice and reasonable opportunity to respond to all the issues to be considered by the court." *Id.* (quoting *Empl'rs Ins.*

7

*of Wassau v. Petrol. Specialties, Inc.*, 69 F.3d 98, 105 (6th Cir. 1995))(interpreting Federal Rules of Civil Procedure Rule 56 prior to the 2010 amendments).  In this Court's Memorandum Opinion and Order of September 20, 2010, this Court requires that "Plaintiffs shall **SHOW CAUSE**, on or before September 30, 2010 why their claims against Tyler Bowers should not be dismissed with prejudice for the reasons set forth in this Memorandum Opinion and Order." [Record No. 38, p. 22](emphasis in original).  Thus, Plaintiff had notice that it should provide any evidence available and had a reasonable opportunity to respond to the issues raised.  As a result, Plaintiffs cannot argue surprise and this Court may exercise its discretion to enter summary judgment against Plaintiffs and dismiss claims with prejudice accordingly.

A grant of summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  This burden is met simply by showing the Court that there is an absence of evidence on a material fact on which the nonmoving party has the ultimate burden of proof at trial.  *Id*. at 325.  The burden then shifts to the nonmoving party to "come forward with some probative evidence to support its claim." *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339,

1347 (6th Cir. 1994). A material fact is one that may affect the outcome of the issue at trial, as determined by substantive law. A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows "that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Summers v. Leis*, 368 F.3d 881, 885 (6th Cir. 2004). The judge's function is not to weigh the evidence, but to decide whether there are genuine issues for trial. *Anderson*, 477 U.S. at 249; *Multimedia 2000, Inc. v. Attard*, 374 F.3d 377, 380 (6th Cir. 2004). In considering a motion for summary judgment the court must construe the facts in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255.

**B. California law will apply to the two distinct contracts.**

As previously set forth in this Court's Memorandum Opinion and Order of September 20, 2010, there are two contracts that Plaintiffs aver Defendants have entered into with Plaintiffs: (1) an oral agreement to repay expenses on a motor coach and (2) a written management agreement regarding the representation of Defendant Tyler Bowers. [Record No. 38, p. 7-8]. Furthermore, as set forth in the above-styled Memorandum Opinion and Order, California law will control as, either directly or indirectly, the parties have agreed via a forum selection clause to apply the law of California for interpreting these contracts. [Record No. 38, p. 7-9]; *see also Wallace Hardware Co. v. Abrams*, 223 F.3d 382, 398

(6th Cir. 2000)(quoting Restatement (Second) of Conflict of Laws § 187 (1971))("[T]he parties' choice of law should be honored unless (1) 'the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice,' or (2) 'application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest.'")

**C. Defendants have established the existence of a valid contract that was not disaffirmed as to the management agreement but not on the oral agreement to repay.**

Plaintiffs must show that a valid contract existed between Tyler Bowers and Plaintiffs and that Tyler never disaffirmed the binding nature of either of the two contracts. California statute, with a few exceptions not applicable here, allows a minor to "make a contract in the same manner as an adult, subject to the power of disaffirmance" by the child either before the age of majority or within a reasonable time thereafter. Cal. Fam. Code § 6700; Cal. Fam. Code § 6710. While "express notice to the other party is unnecessary" to disaffirm a contract, the disaffirming party must disclose an "unequivocal intent to repudiate [the contract's] binding force and effect." *Berg v. Traylor*, 56 Cal. Rptr. 3d 140, 148 (Cal. Ct. App. 2007)(citations omitted)(finding a letter from a minor's parent stating that the minor and his parent no longer needed the services of an agent as they could no longer afford the contract due to a large tax debt does not disaffirm the contract

10

but a notice of disaffirmance by the minor does disaffirm the contract).

As to the management agreement, Plaintiffs have shown that Tyler Bowers entered into a contract with Plaintiffs and, while terminating the contract before Tyler reached the age of majority, Tyler never disaffirmed the contract in accordance with California statute. Termination of a contract and disaffirmance of a contract have two different effects and meanings. Termination is a communication from one party to another stating that the services are no longer needed under a previously entered contract, thus effecting a repudiation of future obligations arising under that contract. *See Romano v. Rockwell Int'l, Inc.*, 926 P.2d 1114, 1120 (Cal. 1996)(explaining that a notice of termination acts as an anticipatory breach of contract). Termination, however, does not disclose the clear intention by that party to repudiate all past, present and future obligations arising out of that contract as required for disaffirmance. *See Berg*, 56 Cal. Rptr at 148; *see also* 42 Am. Jur. 2d. *Infants* § 90 ("The following matters should be considered when drafting a notice of disaffirmance . . . a demand that any consideration paid by the infant be returned, a tender of the consideration or other thing of value received by the infant, or a justification for its nonreturn . . . ."). Plaintiffs have previously submitted a management agreement signed by both Tyler and Tim Bowers. [Record No. 34-6]. Plaintiffs have also submitted

an e-mail to agent Jimmy Button dated September 11, 2008 which states the following:

> Jimmy,
> While we do appreciate what you have attempted to achieve over the past 4 years, we have chosen to move forward with Tyler's career down a different path effective immediately. We wish you the best with all that you do.
> Thank You,
> Tim, Kathy & Tyler Bowers

[Record No. 43-1]. Contrary to Tyler Bowers' argument, this e-mail does not set forth in clear terms that Tyler holds the contract as void in its entirety and disaffirms its binding force and effect. Rather, it only discloses an intention not to perform in the future and does not act to disaffirm the contract. Furthermore, Tyler Bowers attempt to disaffirm the contract in an affidavit attached to his Response to Plaintiffs' Response to this Court's Show Cause Order is untimely as it did not occur until seventeen months after Tyler reached the age of majority and fifteen months after the filing of this lawsuit. *See* [Record No. 47-1]; [Record No. 1]. As a result, the management agreement remains binding and enforceable between Plaintiffs and Tyler Bowers. Furthermore, as set forth in this Court's previous Memorandum Opinion and Order, Plaintiffs have shown a breach of this management agreement that resulted in "clearly ascertainable" damages of $2,333.33. [Record No. 38, p. 16-20]. Thus, Plaintiffs have shown cause as to why their claims against Tyler Bowers regarding the management agreement should not be dismissed with prejudice and the fact that

"Tyler Bowers entered into a management agreement with Plaintiffs to which he faces liability for breach of contract as he did not disaffirm the contract before the age of majority or within a reasonable time thereafter" entitling Plaintiffs to $2,333.33 in damages plus appropriate prejudgment and post-judgment interest[2] is no longer genuinely at issue, pursuant to Rule 56(d)(1).

As to the motor coach, Plaintiffs have failed to show any agreement existed between Plaintiffs and Tyler Bowers and cannot recover on a theory of restitution from Tyler Bowers. Plaintiffs may not maintain an action for restitution resulting from the extinguishment of the contract and an action for breach of contract on the same agreement at the same time. *Sharabianlou v. Karp*, 105 Cal. Rptr. 3d 300, 310 (Cal. Ct. App. 2010)(citations omitted). As this Court has already found the existence of an oral repayment contract between Plaintiffs and Tim Bowers, it cannot now find the contract does not exist such that Plaintiffs may recover from Tyler Bowers under an alternative theory.

Plaintiffs, however, have failed to show the existence of an oral repayment agreement between Plaintiffs and Tyler Bowers. California law requires the parties consent to the agreement before a valid contract can be formed. *Donovan v. Rrl Corp.*, 27 P.3d 702, 709 (Cal. 2001)(citing Cal. Civ. Code § 1550(2); Cal. Civ. Code §

---

[2] *See* [Record no. 38, p. 20-21](detailing the award of prejudgment and post-judgment interest to Plaintiffs under previous Memorandum Opinion and Order).

13

1565(2)). Typically parties show their mutual assent to the contract through "an offer communicated to the offeree and an acceptance communicated to the offeror." *Id.* (citations omitted). If a party does not know of the offer, there can be no acceptance constituting mutual assent. *Cf. Ford v. Shearson Lehman Am. Express, Inc.*, 225 Cal. Rptr 895, 904 (Cal. Ct. App. 1986). Plaintiffs rely on Tyler Bowers' deposition testimony to establish that Tyler knew he was receiving a benefit from Plaintiffs stating, in part:

> Q. [by examiner]   Tell me how you – how was it you understood that you obtained the motor coach?
> A. [by Tyler]   I don't know.
> Q. [by examiner]   Do you have any understanding whatsoever?
> A. [by Tyler]   No.  Financially, no, I don't. I know – I believe it was an investment.  I don't – I really don't know, but this is what I believe was [sic] it was an investment for Jimmy Button, Jimmy Button [sic] and the guys at the Familie, my agency to make sure I was [sic] most comfortable possible while trying to compete.

[Record no. 49-1, p. 3, lines 1-11]. Furthermore, Plaintiffs cite to the affidavit of Tyler's agent Jimmy Button that states:

> Accordingly, in order to obtain the loan and in exchange for an agreement to repay Wasserman and WMG, the Bowers induced Wasserman to guarantee the loan and to execute a Consumer Guaranty Agreement. The Bowers agreed to repay Wasserman and WMG for any and all amounts that Wasserman or WMG paid to City National Bank and all amounts advanced for insurance and other expenses related to the Motor Coach.

14

[Record No. 34-5, para. 13]. While Tim Bowers, even in his Motion to Reconsider, has always admitted that he owed money to Plaintiffs as part of a repayment agreement on the motor coach, Tyler Bowers has consistently claimed he knew nothing about the agreement including in a recently filed affidavit attached to his Response to Plaintiff's response to the Show Cause Order. [Record No. 47-1, para. 2]. Furthermore, Tyler Bowers' deposition testimony, supports Tyler's claim that while he knew the motor coach came from Plaintiffs, Tyler did not know about the financial arrangement reached by Plaintiffs and Tim Bowers, Tyler's father regarding repayment for the vehicle. [Record no. 49-1, p. 3, lines 1-7]. As a result, this Court finds a genuine issue of material fact still exists as to whether Tyler Bowers mutually assented to the averred contract between Plaintiffs and Tyler Bowers and thus, became liable to the obligations created by the oral agreement to repay expenses related to the motor coach. Taking all inferences in favor of Plaintiffs, however, a reasonable jury could find for the Plaintiffs that mutual asset did take place between Tyler Bowers and Plaintiffs. As a result, this Court shall deny Plaintiffs' Motion for Summary Judgment and shall also choose not to enter summary judgment, sua sponte, against Plaintiffs regarding Tyler Bowers potential liability under the oral agreement to repay expenses related to the motor coach.

**D. Plaintiffs have not established "clearly ascertainable" damages from Tyler Bowers earnings with the "Bookoo Ax Team."**

While Plaintiffs have submitted sufficient evidence to show no genuine issue of material fact exists as to Tyler Bowers being a party to the management agreement, Plaintiffs have again failed to show damages that were clearly ascertainable from Tyler Bowers' earnings as a member of the "Bookoo Ax Team." Plaintiffs' motion for summary judgment was denied, in part, as to Tim Bowers due to Plaintiffs' inability to show that they were entitled to the 2007 earnings by the three riders of the "Bookoo Ax Team," which included Tyler Bowers, from One Industries and SHIFT. Thus, Plaintiffs had notice of the issue and a reasonable opportunity to respond and this Court may enter summary judgment, sua sponte, against Plaintiffs on this issue.

The management agreement covered solely Tyler Bowers and not the "Bookoo Ax Team" and Plaintiffs must clearly show the amount that Tyler Bowers earned before they can obtain a commission on those earnings from Tyler as a result of his breach of the management agreement. Plaintiffs, however, have again offered no evidence that would make these particular damages caused by Tyler Bowers "clearly ascertainable in both their nature and origin." Cal. Civ. Code § 3301. Therefore, Plaintiffs, under threat of dismissal, have failed to make this showing regarding Tyler Bowers potential liability as a member of "Bookoo" and this Court shall, sua sponte, enter summary judgment against Plaintiffs on this issue and dismiss with prejudice all claims against both Tim and Tyler

Bowers regarding Tyler Bowers' averred earnings in 2007 from One Industries and SHIFT.

**IV. CONCLUSION**

Pro se defendant Tim Bowers cannot be excused from the Federal Rules of Civil Procedure and this Court will not reconsider its previous order granting summary judgment to Plaintiffs. As to Tyler Bowers, while Plaintiffs have shown that Tyler was a party to the management agreement, a genuine issue of material fact remains as to whether Tyler Bowers and Plaintiffs mutually assented to enter into an oral agreement to repay expenses regarding the motor coach.

Accordingly, **IT IS ORDERED**:

(1) that Defendant Tim Bowers Motion for Reconsideration [Record No. 42] shall be **DENIED**; and

(2) that Plaintiffs' Motion for Summary Judgment [Record No. 34] as to Defendant Tyler Bowers is **DENIED**;

(4) that the fact that **"Tyler Bowers entered into a management agreement with Plaintiffs to which he faces liability for breach of contract as he did not disaffirm the contract before the age of majority or within a reasonable time thereafter"** is **NOT GENUINELY AT ISSUE** and **SHALL BE TREATED AS ESTABLISHED IN THIS ACTION**; and

(5) that this Court shall **DISMISS WITH PREJUDICE** Plaintiffs' claims against Tim and Tyler Bowers under the management agreement

to commissions associated with Tyler Bowers' earnings in 2007 from One Industries and SHIFT.

This the 11th day of February, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge