```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                             LEXINGTON
```

| | |
|---|---|
| CASEY WASSERMAN LIVING TRUST UNDER DECLARATION OF TRUST DATED JUNE 29, 1999 | ) ) ) Civil Action No. 5:09-CV-180-JMH |
| and | ) ) |
| WASSERMAN MEDIA GROUP LLC, | ) ) **MEMORANDUM OPINION AND ORDER** |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| TIM BOWERS and TYLER BOWERS, | ) ) |
| Defendants. | ) ) ) |

                    **    **    **    **    **

Plaintiffs have filed proposed jury instructions [Record No. 61] and Defendant Tyler Bowers has also filed proposed jury instructions [Record No. 62]. Having reviewed the proposed jury instructions and considering the law applicable in this case, the Court has determined that certain of those proposed jury instructions are "not a correct statement of law" and shall not be given to the jury. *United States v. Svoboda*, 633 F.3d 479, 483 (6th Cir. 2011) (citing *United States v. Kelley Technical Coatings, Inc.*, 157 F.3d 432, 441 (6th Cir. 1998)). Further, on the Court's own motion, the parties shall not present argument or evidence on those issues as set forth below.

**I. NO JURY INSTRUCTION OR PRESENTATION OF ARGUMENT OR EVIDENCE ON THE ISSUE OF DISAFFIRMANCE OF ANY ORAL AGREEMENT SHALL BE ALLOWED.**

This Court has already determined that Defendant did not disaffirm the contract within a reasonable time following his averred discovery of the alleged oral agreement to repay expenses related to the Plaintiffs' guaranty of the loan for the motor coach and insurance expenses, and this Court shall not instruct the jury regarding this issue. California statute allows a minor to "make a contract in the same manner as an adult, subject to the power of disaffirmance" which must occur before the minor reaches "majority or within a reasonable time afterwards." Cal. Fam. Code § 6700; Cal. Fam. Code § 6710. Furthermore, when a minor has no knowledge of the contract entered into on his behalf as a minor, the Ninth Circuit has extended the reasonable time to disaffirm to the time when the minor first learned of the contract. *Hurley v. S. Cal. Edison Co.*, 183 F.2d 125, 131-32 (9th Cir. 1950) (holding that California law allowed a man in his mid-30s to disaffirm a contract made while he was a minor within a reasonable time of learning of the contract's existence).

While Defendant argues his disaffirmance in his affidavit came within a reasonable time of his learning of the alleged oral agreement to repay expenses related to the motor coach, this Court has repeatedly held to the contrary. In its Order of February 11, 2011 [Record No. 51], the Court held that Defendant's attempted

disaffirmance in his affidavit was untimely as it did not occur until more than eleven months after the date of the lawsuit and seventeen months after Defendant had reached the age of majority. While not expressly held in its Order of February 11, 2011, the Court later clarified in its Order of February 28, 2011 that:

> The only remaining issue for the May 3, 2011 jury trial is whether Tyler Bowers assented to the oral agreement to repay expenses related to the Motor Coach. . . . If the jury answers this question in the affirmative, breach and damages are not genuinely at issue and have been established in this action . . . .

[Record No. 54]. The implicit message was that the attempted disaffirmance contained in Tyler Bowers' Affidavit of August 18, 2010, and attached to his Response did not come within a reasonable time after he first became aware of the alleged oral agreement to repay expenses related to the motor coach. Accordingly, the Court will not offer an instruction to the jury on this issue nor will Defendant Tyler Bowers be permitted to raise the issue of disaffirmance of the oral agreement to repay expenses related to the Plaintiffs' guaranty of the loan for the motor coach and insurance expenses as seen in Defendant's Proposed Jury Instruction 8 and Verdict Form C. *See* [Record No. 62, p. 13-14].

**II. NO JURY INSTRUCTION OR PRESENTATION OF ARGUMENT OR EVIDENCE REGARDING TYLER BOWERS BEING BOUND TO THE CONTRACT VIA AN AGENCY THEORY SHALL BE ALLOWED.**

Further, Tyler Bowers cannot be bound to the oral agreement to repay the expenses related to the Plaintiffs' guaranty of the loan

3

for the motor coach and insurance expenses through the actions of his father Tim Bowers acting as his agent and no instruction to the contrary shall be given to the jury. Under California statute, a minor does not have the authority to make a delegation of power. Cal. Fam. Code § 6701. Prior to the passage of this statute,[1] California common law held that while a contract executed by a minor delegating authority to an agent was void, that agent could execute some contracts, in particular promissory notes, on behalf of the minor. *Hawkes Inv. Co. v. Lyons*, 137 P. 911, 912 (Cal. 1913). After the statute's passage, however, the California Supreme Court held that "the intention of the legislature in framing [the statute] was to change [the conflicting common law] and declare the rule that an infant could not execute contracts through an agent having only a delegated authority executed by the infant." *Id*. Thus, in *Morgan v. Morgan*, 34 Cal. Rptr. 82, 86 (Cal. Ct. App. 1963), the Court of Appeal of California refused to recognize an endorsement of a check by a minor's agent despite the minor giving that agent actual authority, in writing, to endorse

---

[1] In *Hawkes Inv. Co. v. Lyons*, 137 P. 911 (Cal. 1913), the California Supreme Court considered California Civil Code § 33, passed in 1872 as amended by the California Legislature in 1874. In 1992, the California Legislature passed a series of bills to establish "a comprehensive scheme for family law" which repealed this section fo the civil code and placed it under the family code beginning in 1994. 1992 Cal ALS 162; 1992 Cal ALS 163. Thus, Cal. Civ. Code § 33 was repealed but the substantive provisions remain a part of California statute, as codified in Cal. Fam. Code § 6701.

4

his name upon the checks the agent received. In doing so, the Court of Appeal of California held that the minor's authorization to the agent "was a delegation of power, and as such, void." *Id.* at 87.

Furthermore, the Court of Appeal of California, has not recognized an exception to this bright line rule when the agent was a parent. In the case of a father's sale of his children's stock, the Court of Appeal held:

> The minors could not give a delegation of power to their father to contract for them. . . . The contracts having clearly been made by the father without the knowledge of the minors, could become the contracts of the minors only through the adoption of the action of the father, and this could be done only upon the theory that the minors thereby retrospectively made the father their agent. This could not be done under our statute [prohibiting minors from delegation of power], and the contracts must be deemed, therefore, to be contracts of the father rather than the minors.

*Winkler v. L.A. Inv. Co.*, 185 P. 312, 313 (Cal. Ct. App. 1919). Thus, the court refused to recognize even the potential that the child could grant any authority to their parent to enter into the contract based on California's statute prohibiting minors from delegating power. As stated in California Jurisprudence,

> The provision that a minor cannot give a delegation of power was passed in order to overrule a former rule that permitted a minor to contract effectively merely by acting through an agent having delegated authority. Thus, under the present rule, a minor cannot give a delegation of power to his or her parents to contract for the minor, nor can the minor, by the adoption of the parent's action,

5

> retrospectively make the parent his or her agent.

14 Cal. Jur. 3d *Contracts* § 34 (2011) (citation omitted).

This Court shall do the same and no jury instructions dealing with agency, as proposed by Plaintiffs and Defendant will be presented to the jury at trial as they are "not a correct statement of law." *United States v. Svoboda*, 633 F.3d 479, 483 (6th Cir. 2011) (citation omitted); *See also* [Record No. 61, p. 12-15](Jury Instructions No. 5-6, Verdict Form B-C); [Record No. 62, p. 10-12](Jury Instruction No. 6-7, Verdict Form B). Nor shall the parties be permitted to present argument or evidence with respect to this issue.

## III. CONCLUSION

For the reasons stated above, **IT IS ORDERED**:

(1) that the parties shall not present argument or evidence pertaining to Tyler Bowers' disaffirmance of an oral agreement to repay expenses related to Plaintiffs' guaranty of the loan for the motor coach and insurance expenses; and

(2) that the parties shall not present argument or evidence pertaining to Tyler Bowers being bound to the oral agreement to repay expenses related to Plaintiffs' guaranty of the loan for the motor coach and insurance expenses under an agency theory.

This the 29th day of April, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge