UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**LEXINGTON**

| | |
|---|---|
| CASEY WASSERMAN LIVING TRUST UNDER DECLARATION OF TRUST DATED JUNE 29, 1999<br><br>and<br><br>WASSERMAN MEDIA GROUP LLC,<br>    Plaintiffs,<br><br>v.<br><br>TIM BOWERS and TYLER BOWERS,<br>    Defendants. | Civil Action No. 5:09-CV-180-JMH<br><br>**MEMORANDUM OPINION AND ORDER** |

\*\*  \*\*  \*\*  \*\*  \*\*

Plaintiffs made a Motion to Compel Discovery in Aid of Execution of Judgment [Record No. 81] after they argue Tim and Tyler Bowers failed to respond to multiple discovery requests. Plaintiffs have attached to this motion a Memorandum in Support [Record No. 81-1] and a Proposed Order [Record No. 81-2]. Plaintiffs make this motion pursuant to Federal Rules of Civil Procedure Rule 37 and Rule 69 asking for sanctions, in the amount of costs and attorney fees incurred in bringing this motion, as well as an order to compel Tim and Tyler Bowers to appear for a deposition and an order to compel Tim Bowers to respond to written discovery requests [Record No. 81-2].

Plaintiffs, however, have failed to comply with the procedural requirements necessary for this Court to issue sanctions or compel

discovery in this case. Rule 69(a)(2) allows a judgment creditor the opportunity to "obtain discovery from any person . . . as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69. Rule 37 provides that this Court may issue sanctions for parties that fail to properly appear for a deposition provided that "[the] motion for sanctions for failing to answer or respond [includes] a certification that movant has in good faith . . . attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B). Rule 37 also requires a motion to compel discovery include a "certification that the movant has in good faith conferred or at least attempted to confer" in an attempt to resolve the dispute. Fed. R. Civ. P. 37(a)(1). Similarly, the Local Rules for the Eastern District of Kentucky require that "[t]he moving party must attach to every discovery motion a certification that counsel have conferred and are unable to resolve their differences." LR 37.1. Local Rules state that the Court will not consider motions "unless counsel have conferred – or attempted to confer — with other affected parties in an effort to resolve their dispute" and a certificate is filed detailing "counsel's attempts to resolve the dispute." *Id.*

While Plaintiffs' Memorandum in Support [Record No. 81-1] argues that Tim and Tyler Bowers have failed to appear twice for scheduled depositions and that Tim Bowers has failed to respond to

2

written discovery requests, Plaintiffs have not submitted a certification of attempts to resolve this dispute. Rather, Plaintiffs' Memorandum in Support sets forth a single phone call from Tim Bowers' wife and Tyler Bowers' mother to Wasserman's attorney, during which she stated that the Defendants were unavailable for the first scheduled deposition on June 10, 2011. [Record No. 81-1, pp. 1-2]. Plaintiffs state that they agreed to postpone Tyler's deposition pending satisfaction of the judgment entered against him but did not agree to postpone Tim's deposition until Tim provided an alternate date. [Record No. 81-1, p. 2]. The Court need not, indeed, will not reach the issue of whether this constitutes a "good faith [attempt] to confer with" Defendants to resolve the dispute or details "a good faith effort to resolve extrajudicially any dispute relating to discovery." *See* Fed. R. Civ. P. 37; LR 37.1. The reason is simple – Plaintiffs' Memorandum in Support of Motion to Compel does not suffice as a certificate. The "prerequisite [of a good faith certificate] is not an empty formality" and this Court shall deny Plaintiffs' motion without prejudice. *See Scepter, Inc. v. Alcan Rolled Prods.-Ravenswood, LLC*, No. 3:09-0192, 2009 U.S. Dist. LEXIS 116664, at *4-5 (M.D. Tenn. Dec. 15, 2009) (quoting *Ross v. Citifinancial, Inc.*, 203 F.R.D. 239, 240 (S.D. Miss. 2001)); *Brady v. Ltd. Parts, Inc.*, No. 2:08-0058, 2009 U.S. Dist. LEXIS 63229, at *3-4 (M.D. Tenn. July 22, 2009) (quoting *Ross*, 203 F.R.D. at 240).

Accordingly, **IT IS ORDERED** that Plaintiffs' Motion to Compel Discovery in Aide of Execution of Judgment [Record No. 81] is **DENIED WITHOUT PREJUDICE** to its refiling in the future once counsel is prepared to meet the requirements of Federal Rules of Civil Procedure Rule 37 and Local Rule 37.1.

This the 14th day of July, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge