```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                              LEXINGTON
```

| | |
|---|---|
| CASEY WASSERMAN LIVING TRUST UNDER DECLARATION OF TRUST DATED JUNE 29, 1999 | ) ) ) Civil Action No. 5:09-CV-180-JMH ) |
| and | ) ) |
| WASSERMAN MEDIA GROUP LLC, | ) ) **MEMORANDUM OPINION AND ORDER** |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| TIM BOWERS and TYLER BOWERS, | ) ) |
| Defendants. | ) ) ) |

                    **    **    **    **    **

This action is before the Court based on Plaintiffs' Motion to Compel Discovery in Aid of Execution of Judgment. [Record No. 88]. Plaintiffs have also filed a Notice of Non-Response in Opposition to Motion to Compel Discovery in Aid of Execution of Judgment [Record No. 89]. The time for filing a Response having expired, this matter is ripe for decision.

**I.    FACTUAL BACKGROUND**

Judgment was entered in favor of Plaintiffs against Defendant Tim Bowers in the amount of $169,507.48 plus prejudgmnet and post-judgment interest and against Defendants Tim and Tyler Bowers, jointly and severally, in the amount of $2,333.33 plus prejudmgent and post-judgment interest. [Record No. 78]. In an effort to

obtain discovery in aid of execution of the judgment, Plaintiffs served Defendants on May 27, 2011 with notices to take post-judgment depositions scheduled for June 10, 2011. [Record No. 88-1, p. 1-2].[1] Plaintiffs were informed two days before the scheduled depositions that Tim and Tyler were unavailable but that Tyler intended to satisfy his portion of the judgment that week. *Id.* at 2. Plaintiffs agreed to postpone Tyler's deposition based on this assurance but refused to postpone Tim's deposition until Tim provided Plaintiffs with an alternate date. *Id.* Nevertheless, Tyler did not satisfy his portion of the judgment and Tim failed to appear at his deposition or provide an alternate date to Plaintiffs. *Id.*

Plaintiffs amended their notices to Defendants rescheduling the depositions for Tim and Tyler for June 24, 2011. *Id.* On June 21, 2011, Tyler tendered his portion of the judgment and payment for court costs. *Id.* Tim and Tyler, however, again failed to appear for their depositions. *Id.* Once more, Plaintiffs amended their notices to Defendants scheduling the depositions for August 1, 2011. *Id.* Plaintiffs attempted to contact Defendants by phone, e-mail and U.S. Mail to confirm Defendants' intention to appear for their scheduled depositions. *Id.* A phone call by Plaintiffs' counsel to the number previously provided by Defendants resulted in

---

[1] Plaintiffs' counsel has certified that she is familiar with the facts set forth in this section and that the movant has, in good faith, attempted to confer with the pro se Defendants to resolve this discovery dispute pursuant to Local Rule 37.1 and Federal Rules of Civil Procedure Rule 37(a)(1) and Rule 37(d)(1)(B). *See* Fed. R. Civ. P. 37; LR 37.1.

a woman identifying herself as "Kathy" stating that the number was now used by a business.[2] *Id*. at p. 3. The woman stated she could not help counsel find Tim Bowers before "abruptly disconnect[ing] the call while counsel for Wasserman was in mid-sentence." *Id*. Indeed, Defendants Tim and Tyler Bowers again, "without any notification, attempt to reschedule or other effort to contact Wasserman . . . failed to appear for their August 1 depositions." [Record No. 89, p. 2]. Plaintiffs have served Defendants with a third amended deposition notice scheduling their depositions for August 24, 2011. *Id*.

Additionally, Plaintiffs served Defendants with written interrogatories and requests for inspection and production of documents. [Record No. 88-1, p. 2]. In light of Defendant Tyler Bowers satisfaction of the judgment against him, Plaintiffs have withdrawn these discovery requests as to Tyler Bowers. *Id*. at p. 2 n.2. Plaintiffs, however, have not withdrawn their written discovery requests as to Defendant Tim Bowers who has never "satisfied any portion of the judgment that this Court entered against him individually." *Id*. at p. 2. Tim Bowers has yet to respond to these written requests. [Record No. 89, p. 2].

## II. ANALYSIS

---

[2] While the identity of "Kathy" is unknown, the Court notes that Kathy Bowers has been previously identified as Tyler Bowers mother. *See* [Record No. 62]. Indeed, it was Kathy Bowers who first "contacted counsel for Wasserman and stated that Tim and Tyler were unavailable for [the initial scheduled] deposition and that Tyler intended to satisfy his portion of the judgment" before that same initial deposition scheduled for June 10, 2011. [Record No. 88-1, p. 2].

3

The judicial power of the federal courts does not end upon the entry of judgment. Rather, "a federal court has 'inherent power to enforce its judgment." *Virgo v. Riviera Beach Assocs.*, 20 Fed. App'x 348, 349 (6th Cir. 2001). Accordingly, Rule 69(a)(2) provides: "In aid of the judgment or execution, the judgment creditor . . . whose interest appears of record may obtain discovery from any provision . . . as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69. As a result, Plaintiffs have at their disposal the tools of discovery provided them under the Federal Rules of Civil Procedure in obtaining discovery in aid of their judgment against Defendants, including motions to compel discovery under Rule 37(a) from Defendants and motions for sanctions resulting from Defendants' failure to attend depositions or respond to written discovery requests under Rule 37(d).

Indeed, Defendant Tim Bowers' failure to respond to Plaintiffs' written interrogatories and Plaintiffs' requests to produce documents and Defendants failure to appear for scheduled depositions justifies this Court granting Plaintiffs' motion to compel. As an initial matter, "[f]ailure to timely respond to a motion may be grounds for granting the motion" under the local rules. LR 7.1(c). Regardless, Defendant Tim Bowers has failed to respond to Plaintiffs' properly noticed interrogatories made pursuant to Rule 33. Defendant Tim Bowers has also failed to respond to Plaintiffs' request for inspection and production made pursuant to Rule 34. Additionally, both Defendants have failed to

4

appear for properly noticed depositions on three separate occasions. This Court, therefore, shall grant Plaintiffs' Motion to Compel Discovery in Aid of Execution of Judgment and shall order Tim Bowers to respond to Plaintiffs' requests on or before September 2, 2011. This Court shall also order Defendant Tim Bowers to appear for deposition at the offices of Tachau Meek on Monday, August 24, 2011 at 9:00 a.m. and Defendant Tyler Bowers to appear for deposition at the offices of Tachau Meek on Monday August 24, 2011 at 11:00 a.m. or immediately following the conclusion of the deposition of Defendant Tim Bowers.

Plaintiffs are also entitled to reasonable expenses from Defendants for their actions which necessitated the filing of this Motion to Compel Discovery in Aid of Execution of Judgment [Record No. 88]. Should a court grant a motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the movant filed the motion before attempting to resolve the conflict in good faith, the opposing party's failure was substantially justified or other circumstances exist which would make the award unjust. Fed. R. Civ. P. 37(a)(5)(A). Plaintiffs have certified to this Court that they have requested, via e-mail, U.S. mail, and telephone, that Defendant Tim Bowers submit responses to their written interrogatories and request for inspection and production of documents. [Record No. 88-1, p. 2-3]. Similarly, Plaintiffs have

attempted to contact Defendants on multiple occasions to set a mutually agreeable time for scheduling depositions on this matter. *Id*. This Court finds, therefore, that Plaintiffs have acted in good faith to resolve this issue. Additionally, Defendants have made no showing that his failure was substantially justified or that other circumstances exist which would make this award unjust. This Court, therefore, shall order Defendants to pay Plaintiffs reasonable expenses incurred in making the motion to compel, including attorney's fees, pursuant to Rule 37(a)(5)(A).

Furthermore, Plaintiffs are also entitled to expenses incurred as a result of Defendants' failure to respond to Plaintiffs' requests for discovery made under the Rules. Upon certification by the movant that a good faith effort has taken place to resolve the conflict and proper motion, Rule 37(d) allows a court to order sanctions when a properly noticed party fails to appear for that person's deposition. Fed. R. Civ. P. 37. Sanctions are also appropriate when a properly served party fails to respond, answer or object to interrogatories, or when a properly served party fails to respond, answer or object to a request for inspection. Fed. R. Civ. P. 37(d)(1). The Court may issue any sanctions available for failing to comply with a court order. Fed. R. Civ. P. 37(d)(3). Regardless of whether these sanctions are issued, however, the Court "must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id*. Plaintiffs

6

certify that they have attempted via e-mail, U.S. mail, and telephone to establish mutually agreeable deposition times with both Defendants and to obtain responses to their written discovery requests of Defendant Tim Bowers. [Record No. 88-1, p. 2-3]. Again, this Court finds that Plaintiffs have certified that they have made a good faith effort to resolve this issue before seeking relief under the Rules. Additionally, Defendants have failed to respond to this motion and explain how their failures were substantially justified or show the presence of other circumstances that make an award of sanctions unjust. As a result, this Court shall grant Plaintiffs' Motion for Sanctions and require Defendant Tim Bowers to pay reasonable expenses, including attorney's fees, caused by his failure to attend his depositions, respond to written interrogatory requests, and respond to requests for inspection. The Court shall also require Defendant Tyler Bowers to pay reasonable expenses, including attorney's fees, caused by his failure to attend his depositions.

### III. CONCLUSION

Plaintiffs have certified that they have made a good faith effort to confer with pro se Defendants to obtain discovery without court action. Despite Plaintiffs' efforts, however, Defendants have repeatedly failed to appear for scheduled depositions. Additionally, Plaintiffs served Defendant Tim Bowers with written interrogatories and a request for production and inspection of documents on June 10, 2011, to which Defendant Tim Bowers has

failed to respond.

Accordingly, **IT IS ORDERED**:

(1) that Plaintiffs' Motion to Compel Discovery in Aid of Execution of Judgment [Record No. 88] is **GRANTED**;

(2) that Defendant Tim Bowers shall serve responses to Plaintiffs' written interrogatories and requests for inspection and production on or before **September 2, 2011,** or be subject to such sanctions[3] as the Court might impose;

(3) that Defendant Tim Bowers shall appear for deposition at the offices of Tachau Meek on Monday, August 24, 2011 at 9:00 a.m.;

(4) that Defendant Tyler Bowers shall appear for deposition at the offices of Tachau Meek on Monday, August 24, 2011, at 11:00 a.m. or immediately following the conclusion of the deposition of Defendant Tim Bowers;

(5) that Defendants shall pay to Plaintiffs reasonable expenses incurred, including attorney's fees, in making their Motion to Compel Discovery in Aid of Execution of Judgment [Record No. 88];

(6) that Defendant Tim Bowers shall pay to Plaintiffs reasonable expenses, including attorney's fees, caused by Defendant

---

[3] The Court notes that should a party fail to obey an order compelling discovery or fail to appear at properly noticed depositions in the future, further sanctions could be forthcoming, including additional payment to Plaintiffs of reasonable expenses, including attorney's fees, caused by the failure to comply and this Court potentially "treating as contempt of court [parties'] failure to obey" this Court's order. Fed. R. Civ. P. 37(b)(2); Fed. R. Civ. P. 37(d)(3).

Tim Bowers' failure to respond to Plaintiffs' interrogatories, failure to respond to written discovery requests for inspection, and multiple failures to appear for properly noticed depositions; and

(7) that Defendant Tyler Bowers shall pay to Plaintiffs reasonable expenses, including attorney's fees, caused by Defendant Tyler Bowers' multiple failures to appear for properly noticed depositions.

This the 12th day of August, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge